**The below described is SIGNED.**

**Dated: May 23, 2014**





**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

---

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Number: 12-34004 |
| **BRIAN W. STEFFENSEN,** | Chapter 7 |
| Debtor. | |
| **PEGGY HUNT, as Chapter 7 Trustee,** | Adversary Proceeding No. 13-2192 |
| Plaintiff, | |
| vs. | Judge William T. Thurman |
| **BRIAN W. STEFFENSEN,** | |
| Defendant. | |

## MEMORANDUM DECISION

The Court has two matters before it in this adversary proceeding filed by Peggy Hunt, the Chapter 7 Trustee and Plaintiff. One is Defendant Brian Steffensen's Revised Motion to Dismiss and for Summary Judgment (the "Revised Motion"). The other is the Defendant's Motion to Strike Hunt's Memorandum in Opposition to Steffensen's Motion for Summary Judgment and Ms. Hunt's

Declaration (the "Motion to Strike"), which, as its title reveals, seeks to strike the Plaintiff's Memorandum in Opposition to the Revised Motion (the "Memorandum in Opposition") and the Declaration of Peggy Hunt, Chapter 7 Trustee, in Support of the Memorandum in Opposition (the "Declaration").

The Defendant filed a voluntary chapter 7 petition on November 5, 2012, and the Trustee filed a timely complaint on June 3, 2013 seeking to deny the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2)(A) and (B); § 727(a)(3); § 727(a)(4)(A), (C), and (D); and § 727(a)(5).[1] The Defendant initially filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 12, 2013, and the Court conducted a hearing on that motion on September 24, 2013. At that hearing, the Court treated the Defendant's motion as one for summary judgment in accordance with Federal Rule of Civil Procedure 12(d) and gave the parties additional time to brief the issue in the context of summary judgment. The Court's treatment of the Defendant's motion to dismiss as one for summary judgment, however, was without prejudice to the Defendant arguing his motion to dismiss merged with a motion for summary judgment.

The Court conducted a hearing on the Defendant's Revised Motion and Motion to Strike on March 19, 2014, at which hearing Steven T. Waterman and Jeffrey M. Armington appeared on behalf of the Plaintiff and the Defendant appeared *pro se*. The Court then took the matters under advisement. After carefully considering the parties' briefs and the arguments of counsel, and after conducting its own independent research of applicable law, the Court issued its ruling from the bench on April 29, 2014, making its findings of fact and conclusions of law on the record. The Court

---

[1] All subsequent statutory references are to title 11 of the United States Code unless otherwise indicated.

expressly reserved the right to issue a written memorandum decision memorializing and supplementing that oral ruling without changing its judgment. In accordance with that ruling, the Court now issues the following Memorandum Decision, which constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 9014 and 7052.

## I. JURISDICTION AND VENUE

The Court's jurisdiction over this adversary proceeding is properly invoked under 28 U.S.C. § 1334(b) and § 157(a) and (b). The Plaintiff's complaint seeks to deny the Defendant's discharge, making this a core proceeding under 28 U.S.C. § 157(b)(2)(J). Venue is appropriately laid in this District under 28 U.S.C. § 1409, and notice of the hearing on the Defendant's Revised Motion and Motion to Strike was properly given in all respects.

## II. DISCUSSION

*A. Defendant's Motion to Strike*

The Court will first address the Defendant's Motion to Strike, which argues that the Court should strike the Plaintiff's Memorandum in Opposition to the Revised Motion and the Plaintiff's Declaration. The Defendant's argument is that the Declaration should be stricken because it was not timely filed, and without the admissible evidence contained in the Declaration, the Memorandum in Opposition should also be stricken because it lacks evidence in the record supporting the statements therein.[2]

Federal Rule of Civil Procedure 56(c)(1), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, requires that a "party asserting that a fact cannot be or

---

[2] *See* Docket No. 30, Defendant's Motion to Strike, at 2–3.

is genuinely disputed must support the assertion by: citing to particular parts of materials in the record, including . . . affidavits or declarations . . . ."[3] One party's failure to properly support an assertion of fact or to properly address another party's assertion of fact does not automatically result in the other party's victory on summary judgment, however. Where a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, under Rule 56(e) a court has discretion to "consider the fact undisputed for purposes of the motion" or to "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it."[4] But a court also has discretion to give the party "an opportunity to properly support or address the fact" or to "issue any other appropriate order."[5]

The Defendant is correct that the Plaintiff obtained two extensions of time to file a response to the Defendant's Revised Motion, and that February 26, 2014 was the date by which the Plaintiff had to file a response. The Defendant is also correct that the Plaintiff's Memorandum in Opposition was filed on February 26, but the Declaration was not filed until the next day, on February 27.

The Plaintiff opposes the Motion to Strike, arguing that the Trustee was not available to sign the Declaration on February 26, and counsel for the Plaintiff could not ethically file the Declaration without explicit authorization.[6] Moreover, the Plaintiff asserts that the Trustee learned of additional undisclosed assets belonging to the Defendant only days before the Declaration was executed.[7]

---

[3] Fed. R. Civ. P. 56(c)(1).

[4] Fed. R. Civ. P. 56(e)(2)–(3).

[5] Fed. R. Civ. P. 56(e)(1), (4).

[6] Docket No. 32, Plaintiff's Response to Defendant's Motion to Strike, at 2.

[7] *Id.*

4

Lastly, the Plaintiff argues that the Defendant has suffered no prejudice by the late filing of the Declaration, but to the extent that the Declaration had to be filed by February 26, the Plaintiff asks the Court to treat its response to the Defendant's Motion to Strike as a motion to enlarge the time to file the Declaration until February 27.[8]

In effect, the Plaintiff's last argument is a Rule 9006(b) argument, and the Court interprets and deems it as such. That rule provides that a court may enlarge the time for taking action prescribed by, *inter alia*, a court order. Because the Plaintiff's request to enlarge the time to file the Declaration comes after the expiration of the deadline to file it, the Plaintiff must file a motion to enlarge the time, show cause, and demonstrate that the failure to file the Declaration timely was the result of excusable neglect.[9] The leading case on excusable neglect is the Supreme Court case of *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*.[10]

In that case, the Supreme Court stated that Rule 9006(b)(1) permits courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."[11] The Supreme Court went on to state that a determination of whether a party's failure to act by a specified deadline is the result of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission."[12] These circumstances include four factors prescribed by *Pioneer*: "the danger of

---

[8] *Id.*

[9] Fed. R. Bankr. P. 9006(b)(1).

[10] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

[11] *Id.* at 388.

[12] *Id.* at 395 (citation omitted).

5

prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[13] "'[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable.'"[14]

The Court concludes here that all of the *Pioneer* factors are in the Plaintiff's favor. The Defendant has not been prejudiced because the Declaration was filed only one day late, which did not affect the Defendant's ability to file a timely reply to the Plaintiff's Memorandum in Opposition. In addition, the one-day delay has caused no harmful effects to the judicial proceedings. The Court concludes that the reasons for the delay, especially the Trustee's absence and the ethical obligations of the Trustee's counsel to refrain from filing the Declaration without the Trustee's authorization, were not within the reasonable control of the Plaintiff. Lastly, the Court concludes that the Plaintiff has acted in good faith. Accordingly, the one-day delay is *de minimis*, and has not affected this proceeding. The Court consequently finds excusable neglect.

Therefore, in accordance with the Plaintiff's request, the Court treats the Plaintiff's response to the Defendant's Motion to Strike as a motion to enlarge the time. The Court also concludes that the Plaintiff has shown cause and has demonstrated that the failure to file the Declaration by February 26, 2014 was the result of excusable neglect. The Court will therefore enlarge the time for the Plaintiff to file the Declaration to February 27, 2014. As a result, the Plaintiff's Declaration is

---

[13] *Id.* (citation omitted).

[14] *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

6

timely filed, and the Defendant's Motion to Strike will be denied. The Court also finds that this relief accords with the Court's discretion under Rule 56(e) and the preference frequently expressed in the Tenth Circuit for resolving matters on the merits.[15]

The Court also notes that the Defendant's reply in support of the Motion to Strike argues that the Declaration "is scandalous in its lack of candor . . . and should not be allowed."[16] Although the Defendant does not mention a particular rule to support that argument, the rule that most closely approximates his argument is Rule 12(f). That rule provides that a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."[17] A court may act under this rule either on its own or on motion made by a party before the party responds to the pleading.[18]

Even if the Court considered the language in the Defendant's reply as a Rule 12(f) motion, the Defendant's request suffers from three fatal defects. First, Rule 12(f) applies to pleadings. Rule 7(a) lists what pleadings are allowed, and declarations are not among them. "Although some cases have held that Rule 12(f) may be used to strike documents other than pleadings, the weight of recent authority is that such an action is not contemplated or permitted by the Rules."[19]

---

[15] *See, e.g., Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) ("The preferred disposition of any case is upon its merits . . . ."); *Meeker v. Rizley*, 324 F.2d 269, 271–72 (10th Cir. 1963) ("The law favors the disposition of litigation on its merits."); *see also In re Bridges*, No. 11-28930 MER, 2013 WL 1344572, at *3 (Bankr. D. Colo. Apr. 2, 2013) ("[T]he strong preference in the Tenth Circuit is to resolve cases on their merits rather than on procedural technicalities.").

[16] Docket No. 34, at 1; Docket No. 36, at 2.

[17] Fed. R. Civ. P. 12(f), made applicable in adversary proceedings by Fed. R. Bankr. P. 7012(b).

[18] *Id.*

[19] *Anusie-Howard v. Todd*, 920 F. Supp. 2d 623, 627 (D. Md. 2013); *see also Dunkin Donuts Inc. v. Sharif, Inc.*, No. Civ. 03-925 JP/RLP, 2003 WL 24128060, at *1 (D.N.M. Nov. 20, 2003) ("Rule 12(f) does not apply to the striking of affidavits or declarations."). *But see Cobell v. Norton*, 224 F.R.D. 1, 2 (D.D.C. 2004) ("It is settled in this jurisdiction that the term 'pleading'

Second, the Defendant's argument does not quite track the language and application of Rule 12(f), which permits the Court to strike any scandalous matter.[20] The Defendant argues, however, that the Declaration is "scandalous in its lack of candor." In other words, the Defendant is not arguing that particular portions of the Declaration should be stricken because they are scandalous; instead, the Defendant is arguing that the Declaration itself is scandalous because it lacks candor, requiring it to be stricken. The Court concludes that the plain language of Rule 12(f) does not permit a party to strike a pleading because it is "scandalous in its lack of candor." The language of the rule contemplates that there will be a particular scandalous matter to be stricken, but that is not what the Defendant alleges.

Third, the Rule 12(f) motion would fail on the merits. Such motions are generally disfavored and are typically denied unless the allegations sought to be stricken "have no possible relation to the controversy and are likely to cause prejudice to one of the parties."[21] The Defendant's argument that the Declaration is "scandalous in its lack of candor" is another way of saying that the Defendant strongly disagrees with many of the averments in the Declaration. This does not meet the standard for a Rule 12(f) motion. Therefore, to the extent that the Defendant moves in his reply to strike the Declaration under Rule 12(f), that motion will be denied.

---

for the purposes of Rule 12(f) includes affidavits and declarations filed in support of technical pleadings because Rule 12(f) is the only viable method for attacking materiality and pertinence defects in such documents.").

[20] In the context of Rule 12(f), "scandalous" typically "refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Pigford v. Veneman*, 225 F.R.D. 54, 58 (D.D.C. 2005) (citation and internal quotation marks omitted).

[21] *Nyanjom v. Hawker Beechcraft Corp.*, No. 12-1461-JAR-KGG, 2013 WL 6008309, at *2 (D. Kan. Nov. 12, 2013) (citation omitted).

*B. Defendant's Revised Motion*

The Court will now address the Defendant's Revised Motion. Because the Revised Motion is a hybrid—it seeks to dismiss the Plaintiff's complaint under Rule 12(b)(6) and seeks judgment as a matter of law under Rule 56—the Court must analyze the complaint and the Revised Motion under the standards of both rules.

<u>1. Dismissal Under Rule 12(b)(6)</u>

The Court will first analyze the Defendant's Revised Motion as one to dismiss the Plaintiff's complaint. Under Federal Rule of Civil Procedure 12(b)(6), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), a plaintiff's complaint will avoid dismissal if it contains enough facts "to state a claim to relief that is plausible on its face."[22] Facial plausibility exists where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] Thus, a complaint must do more than raise a "sheer possibility that a defendant has acted unlawfully."[24] Where the facts in a complaint allow a court to infer no more than "the mere possibility of misconduct," the complainant has not met its burden to show that it is "entitled to relief."[25] In other words, plaintiffs must nudge their claims "across the line from conceivable to plausible" to survive a motion to dismiss.[26]

---

[22] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[24] *Id.*

[25] *Id.* at 679.

[26] *See Twombly*, 550 U.S. at 570.

The Tenth Circuit Court of Appeals has stated that this standard announced by *Twombly* and *Iqbal* represents "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme] Court stated will not do."[27]

When considering a motion to dismiss brought pursuant to Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true, and must view them in the light most favorable to the plaintiff.[28] However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[29]

After laying out sixty-seven paragraphs of facts, the Defendant argues that those facts show that the Plaintiff's factual allegations in the complaint are untrue. The Defendant then proceeds to argue that when the Plaintiff's "untrue facts" are eliminated from consideration, the complaint "fails to state sufficient 'facts to state a claim to relief that is plausible on its face.'"[30]

The Defendant's argument misses the mark and fails to grasp the standards by which a court must abide on a motion to dismiss. As stated previously, a court considering a motion to dismiss brought under Rule 12(b)(6) must treat all well-pleaded allegations in the complaint as true. Therefore, the Plaintiff's complaint does not need to "set forth sufficient *true* facts" as the Defendant

---

[27] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

[28] *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 556 (10th Cir.1999).

[29] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)).

[30] Docket No. 11, Defendant's Revised Motion, at 19.

argues because the Court assumes the truth of the Plaintiff's factual allegations on a Rule 12(b)(6) motion.[31] In essence, the Defendant's argument invites the Court to weigh the evidence, which is precisely what it cannot do at this stage under this rule.

Therefore, to the extent that the Defendant's Revised Motion seeks a blanket dismissal of the Plaintiff's complaint because it is contradicted by the Defendant's statement of facts, the Revised Motion should be denied. The Revised Motion also makes discrete arguments for dismissal with regard to each of the Plaintiff's claims for relief. The Court will now address those in turn.

The Plaintiff's first claim for relief seeks denial of discharge under § 727(a)(2)(A) and (B). Those provisions operate to deny the debtor a discharge where the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate, transferred, removed, destroyed, mutilated, or concealed property of the debtor in the year before the petition date or property of the estate after the petition date.

The Defendant argues that the allegations in paragraphs 42 and 43 of the complaint are conclusory and, with regard to paragraph 42, that it is unsupported by any evidence.[32] The Defendant overlooks paragraph 41 of the complaint, however, which incorporates each of the preceding allegations by reference, which is expressly permitted by Federal Rule of Civil Procedure 10(c).[33]

---

[31] A Rule 12(b)(6) motion is not a proper means to contest the truthfulness of the factual allegations contained in a complaint. *See Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1037 (11th Cir. 2008) ("A motion to dismiss does not test the merits of a case . . . ."); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) ("The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits.").

[32] Docket No. 11, Defendant's Revised Motion, at 21.

[33] Fed. R. Civ. P. 10(c), made applicable in adversary proceedings by Fed. R. Bankr. P. 7010.

Moreover, paragraphs 42 and 43 do not contain merely the elements of § 727(a)(2)(A) and (B); they contain information that alerts the Court and the Defendant what conduct the Plaintiff complains of.

In particular, the Plaintiff directs the Court's attention to paragraphs 35-40 of the complaint, which allege that the Defendant failed to inform the Trustee of a decision entered in a state court case in which the Defendant is a plaintiff. The decision permitted the Defendant to retrieve personal property items for which he clearly has an identifiable property interest. The Plaintiff also alleges that the Defendant engaged in settlement talks in the state court case without disclosing the state court decision or the personal property he obtained thereby. Assuming these allegations to be true, the Court concludes that the Plaintiff's complaint states a facially plausible claim for relief under § 727(a)(2)(A) and (B).

The Plaintiff's second claim for relief seeks denial of discharge pursuant to § 727(a)(3). That provision denies a debtor's discharge where "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information . . . from which the debtor's financial condition or business transactions might be ascertained," without justification.[34] In order to state a prima facie case under § 727(a)(3), a plaintiff must show that the debtor "failed to maintain and preserve adequate records and that the failure made it *impossible* to ascertain his financial condition and *material business* transactions."[35]

The Defendant asserts that the only financial records he lacks are up-to-date Quickbooks data, but he argues that a failure to keep Quickbooks data is not sufficient grounds for relief under

---

[34] § 727(a)(3).

[35] *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1295 (10th Cir. 1997).

§ 727(a)(3).[36] The Defendant further argues that he has provided the Trustee with a number of financial documents, which the Trustee has not reviewed thoroughly.[37]

The Defendant overemphasizes the allegations regarding the Quickbooks data. Paragraph 21 of the complaint alleges that the Defendant testified at the § 341 meeting of creditors that "he does not maintain accounting records related to [the entities through which he practices law]." Taken as true, this and other allegations in the complaint state a facially plausible claim for relief to deny the Defendant's discharge under § 727(a)(3).

The Plaintiff's third claim for relief seeks denial of discharge under § 727(a)(4)(A), (C), and (D). At the outset, the Court notes that because one element of a § 727(a)(4) claim is fraudulent intent, the Plaintiff's complaint must meet the particularity requirements of Rule 9(b).[38] To plead fraud adequately, a plaintiff must "'set forth the who, what, when, where and how of the alleged fraud.'"[39] Put another way, a complaint alleging fraud must identify the "'time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[40]

---

[36] Docket No. 11, Defendant's Revised Motion, at 21.

[37] *Id.* at 21–22.

[38] Made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7009, Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

[39] *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quoting *Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

[40] *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

Section 727(a)(4)(A) provides that a debtor's discharge will be denied where he knowingly and fraudulently made a false oath or account in or in connection with the case. "A 'false oath' may be either '(1) a false statement or omission in the debtor's schedules or (2) a false statement by the debtor at an examination during the course of the proceedings.'"[41] The false oath must relate to a material fact.[42] "'The subject matter of a false oath is material . . . if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property.'"[43]

The Plaintiff directs the Court's attention to paragraphs 23-40 of the complaint to find factual allegations that support a § 727(a)(4)(A) claim. Those paragraphs allege non-disclosure of income with the requisite factual content for the Court to infer that the Defendant is liable for the misconduct alleged. Therefore, the Plaintiff has stated a facially plausible claim for relief under § 727(a)(4)(A) and has met the standards of Rule 9(b).

Section 727(a)(4)(C) operates to deny the debtor's discharge where the debtor knowingly and fraudulently, in or in connection with the case, gave, offered, received, or attempted to obtain money, property, or advantage (or a promise thereof) for acting or forbearing to act. This provision has been interpreted to bar discharge where a debtor has engaged in bribery or extortion in or in connection with his bankruptcy case.[44]

---

[41] *U.S. Trustee v. Garland (In re Garland)*, 417 B.R. 805, 814 (B.A.P. 10th Cir. 2009) (citation omitted).

[42] *Gullickson*, 108 F.3d at 1294.

[43] *Garland*, 417 B.R. at 814 (quoting *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984)).

[44] *Edwards v. Zemek (In re Zemek)*, No. 11-01012-JDW, 2013 WL 4677879, at *7 (Bankr. N.D. Miss. Aug. 30, 2013).

14

The complaint does not contain an allegation of bribery or extortion, nor does it contain factual allegations supporting a plausible § 727(a)(4)(C) claim. Therefore, the Court will dismiss the Plaintiff's § 727(a)(4)(C) claim.

Under § 727(a)(4)(D), a debtor's discharge will be denied where he, knowingly and fraudulently, in or in connection with his case, withheld from an officer of the estate any recorded information relating to the debtor's property or financial affairs.

In paragraphs 18 and 19 of the complaint, the Plaintiff alleges that the Trustee requested certain recorded information from the Defendant regarding loans to the Defendant's law practice. The Plaintiff further alleges that the information the Defendant provided was, in essence, inadequate or incomplete. These allegations support a facially plausible claim under § 727(a)(4)(D) and meet the requirements of Rule 9(b).

The Plaintiff's fourth claim for relief seeks denial of discharge under § 727(a)(5). That provision operates to deny the debtor's discharge where "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." The party "objecting to a debtor's discharge under § 727(a)(5) has the burden of proving facts establishing that a loss or shrinkage of assets actually occurred."[45]

The Plaintiff's allegations regarding this claim are contained in paragraphs 26-30 of the complaint. In essence, the Plaintiff alleges that the Defendant received income from his law practice and from lawsuits in which he is a plaintiff, and the disposition of such income is presently unknown. Taken as true, this states a facially plausible claim for relief under § 727(a)(5).

---

[45] *Blackwell Oil Co. v. Potts (In re Potts)*, 501 B.R. 711, 723 (Bankr. D. Colo. 2013).

In conclusion, the Defendant's Revised Motion, taken as one for dismissal under Rule 12(b)(6), should be denied except as regards the Plaintiff's § 727(a)(4)(C) claim.

2. Summary Judgment Under Rule 56

The Court will next consider the Defendant's Revised Motion as one for summary judgment. Under Federal Rule of Civil Procedure 56(a), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, the Court is required to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[46] Substantive law determines which facts are material and which are not. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[47] Whether a dispute is "genuine" turns on whether "the evidence is such that a reasonable [fact finder] could return a verdict for the nonmoving party."[48] In sum, the Court's function at the summary judgment stage is to "determine whether there is a genuine issue for trial."[49]

The moving party bears the burden to show that it is entitled to summary judgment,[50] including the burden to properly support its summary judgment motion as required by Rule 56(c).[51] Once the moving party meets its initial burden, "the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter."[52] The nonmoving party may not rely

---

[46] Fed. R. Civ. P. 56(a).
[47] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[48] *Id.*
[49] *Id.* at 249.
[50] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[51] *See Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1200 (10th Cir. 2002).
[52] *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994).

16

solely on allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial."[53]

When considering a motion for summary judgment, the Court views the record in the light most favorable to the nonmoving party,[54] but the Court does not weigh the evidence or make credibility determinations.[55]

While the Defendant's Revised Motion is captioned as one for summary judgment, it fails to argue any of the standards applicable under Rule 56. Instead, it goes through each of the Plaintiff's claims for relief and argues that they do not meet the standards of *Twombly* and *Iqbal*—in other words, the Plaintiff's claims do not meet the pleading standards of the Federal Rules of Civil Procedure. Because the Defendant fails to make a summary judgment argument, the Court will deny the Revised Motion as one for summary judgment on that basis alone.

The Court will additionally deny the Revised Motion as one for summary judgment because it asks this Court to find, by a Rule 56 analysis, that the Defendant's "sworn statements of fact" show that the Plaintiff's factual allegations in the complaint are "all untrue."[56] As stated previously, it is improper for a court to weigh the evidence at summary judgment, and to the extent that the Defendant's Revised Motion asks this Court to weigh the evidence rather than find that there are no genuine disputes of material fact, the Court will deny the Revised Motion.

In addition, contrary to the Defendant's assertions, his "sworn statements of fact," far from showing that the Plaintiff's facts are untrue, create genuine disputes of material fact that preclude

---

[53] *Celotex*, 477 U.S. at 324.
[54] *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1279 (10th Cir. 2013) (citation omitted).
[55] *Nat'l Am. Ins. Co. v. Am. Re-Insurance Co.*, 358 F.3d 736, 742 (10th Cir. 2004) (citing *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 533 (10th Cir. 1994)).
[56] Docket No. 11, Defendant's Revised Motion, at 19.

the entry of summary judgment on the Plaintiff's claims. This is particularly true when the Defendant's sworn statements are viewed in conjunction with the Plaintiff's responses to those statements in the Plaintiff's Memorandum in Opposition.

Therefore, the Defendant's Revised Motion, taken as one for summary judgment under Rule 56, should be denied.

### III. CONCLUSION

In conclusion, the Court will deny the Defendant's Motion to Strike. The Court will grant the Defendant's Revised Motion in part and will deny it in part. In particular, the Court will grant the Revised Motion as regards the Plaintiff's § 727(a)(4)(C) claim, which should be dismissed. The Court will deny the Revised Motion on all other grounds, including the Defendant's request for fees and costs.

A separate Order and Judgment will be issued in accordance with this Memorandum Decision.

_____END OF DOCUMENT_____

_____ooo0ooo_____
## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Jeffrey M. Armington
Steven T. Waterman
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101
    *Attorneys for Plaintiff*

Brian W. Steffensen
STEFFENSEN LAW
P.O. Box 2279
Salt Lake City, UT 84110
    *Defendant, Pro Se*